IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marvin Green, | )    Case No.: 4:25-cv-0315-JD |
|             Plaintiff, | ) |
| vs. | ) |
| | )    **ORDER AND OPINION** |
| Hometown Sheds and Its Agents, | ) |
|             Defendant. | ) |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 7), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Marvin Green's ("Plaintiff" or "Green") pleadings.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Green, proceeding *pro se*, sued Defendant Hometown Sheds and Its Agents ("Defendant") under 42 U.S.C. Section 1983 and the Fair Debt Collection Practices Act. (DE 1.) Plaintiff alleges that Defendant "acted under color of law to force Plaintiff

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

to pay debt." (DE 1 at 4.) Plaintiff also asserts that Defendant called and emailed him regarding a debt and sent a repossession agent. (DE 1 at 4). The Report also noted that Hometown Sheds dba Shed Rental Spot sued Plaintiff in the Conway Magistrate Court, case No. 2024-cv-26107-2441, in Horry County. In that case, the state court entered an order of judgment on December 16, 2024, for Hometown Sheds and against Green.

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915 and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, on January 28, 2025, the Magistrate Judge issued the Report based on an initial review of the pleadings. The Report recommends dismissing Plaintiff's complaint without prejudice and without service of process under the Rooker-Feldman Doctrine. (DE 7.) The Report found that Green was the "losing [party] in the state court action." (DE 7 at 3.) The Report also found, among other things, that

> Even if Rooker-Feldman did not apply here, Plaintiff's action would still be subject to summary dismissal as Hometown Sheds is not a "debt collector" as defined by the FDCPA, as Hometown Sheds is collecting its own debts and is not an entity that regularly collects debts on behalf of another.

(DE 7 at 3, n.1.) On February 12, 2025, Plaintiff objected to the Report. (DE 9.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to

2

further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff makes four objections to the Report, but each objection challenges the state court proceedings, not the findings or legal conclusions of the Report. (DE 9.) For instance, Plaintiff says,

> The plaintiff is challenging the conduct of defendants prior to Court proceeding(s).
>
> Even if it were believe to be challenge, if jurisdiction is improperly invoke in state court proceeding(s) then this "Court" would have jurisdiction.
>
> Again not challenging the Jurisdiction of State Court, but if State Court lost jurisdiction in the course of it's proceeding an plaintiff believe they did, then jurisdiction is proper until disproven.

(DE 9) (errors in original.) But the Rooker-Feldman Doctrine is jurisdictional, and Plaintiff's objections do not show why the doctrine should not apply here. As stated in the Report, "the Rooker-Feldman doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the

state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). Plaintiff's objections are, therefore, overruled.[2]

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 7) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's complaint (DE 1) is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 28, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Plaintiff's objection also requests appointment of counsel and for the case to proceed until jurisdiction is disproven. (DE 9 at 2.) That said, given the Court's ruling, Plaintiff's request is denied.